# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Respondent,<br><br>v.<br><br>MARIO APARICIO, JR.,<br><br>    Defendant-Petitioner. | CASE NO. 13-cr-01147 GPC<br>Related Case No. 15cv0017-GPC<br><br>**ORDER DENYING PETITIONER'S 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE**<br><br>[Dkt. No. 25.] |

## I. INTRODUCTION

Mario Aparicio, Jr. ("Petitioner") filed a Motion to Vacate, Set Aside or Correct Sentence ("Motion") under 28 U.S.C. § 2255. (Dkt. No. 25.) The United States ("Respondent") filed an opposition ("Opposition") to Petitioner's Motion. (Dkt. No. 31.) For the reasons set forth below, this Court **DENIES** Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255.

## II. PROCEDURAL BACKGROUND

On April 2, 2013, Petitioner waived indictment and was charged by a criminal information with being a removed alien found in the United States in violation of 8 U.S.C. § 1326(a) and (b). (Dkt. Nos. 7, 8.) On April 16, 2013, Petitioner pled guilty to the information before the Honorable Mitchell D. Dembin. (Dkt. No. 12.) On April 24, 2013, this Court issued an order accepting Petitioner's guilty plea. (Dkt. No. 15.) Respondent filed a sentencing summary chart in advance of sentencing,

calculating the bargained-for 4-level departure for Fast Track and recommending 37 months in custody and 2 years of supervised release based on that departure. (Dkt. No. 12.) The Probation Office filed a pre-sentence report ("PSR") recommending 41 months in custody, as well as 2 years of supervised release. (Dkt. No. 16.) The PSR acknowledged that under section 5D1.1(c) of the United States Sentencing Guidelines, supervised release ordinarily should not be imposed on a deportable alien. (*Id.* at 13.)[1] Nonetheless, it recommended a 2 year term of supervised release in this case due to "[D]efendant's history of ongoing and violent criminal conduct[.]" (*Id.* at 16.) On August 2, 2013, Petitioner was sentenced by this Court to 37 months in custody and 2 years of supervised release. (Dkt. No. 23.)

On December 10, 2015, Petitioner filed this Motion.[2] (Dkt. No. 25.) On February 26, 2015, Respondent filed a Response in Opposition to Petitioner's Motion to Vacate, Set Aside or Correct Sentence. (Dkt. No. 31.) As of the date of this order, Petitioner has not filed a reply.

### III. LEGAL STANDARD

Section 2255 authorizes this Court to "vacate, set aside, or correct the sentence" of a federal prisoner on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). To warrant relief under § 2255, a prisoner must allege a constitutional or jurisdictional error, or a "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck*, 441 U.S. 780, 783 (1979) (quoting *Hill v. United States*, 368 U.S.

---

[1] Page numbers for docketed materials refer to those imprinted by the Court's electronic filing system.

[2] Petitioner's motion is deemed to have been filed on December 10, 2014. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding a notice of appeal by a pro se prisoner is deemed filed at the moment the prisoner delivers it to prison authorities for forwarding to the clerk of court).

424, 428 (1962)).

## IV.  DISCUSSION

Petitioner challenges the 2 year term of supervised released imposed by this Court.  (Dkt. No. 25 at 2.)  He contends "the District Court procedurally erred by failing to consider and explain why a term of supervised release was warranted" in light of section 5D1.1(c) of the United States Sentencing Guidelines.  (*Id.*)  Petitioner contends that when supervised release is not required by statute, "the court ordinarily should not impose[] a term of supervised release" on a deportable alien.  (*Id.*)  He contends supervised release "serves no real purpose if the person is deported, because it[] addresses a former prisoner's rehabilitative needs."  (*Id.*)

Respondent presents three grounds for denial of Petitioner's motion. First, Respondent contends Petitioner's motion is barred by the "waiver of appeal and collateral attack" contained in the plea agreement. (Dkt. No. 31 at 3.)  Respondent contends Petitioner's guilty plea was "knowing and voluntary" because it was expressly stated as such in the plea agreement itself and Judge Dembin made an "on the record" and "factual finding" to that effect.  (*Id.* at 5-6.)  Second, Respondent contends Petitioner's motion is time-barred by statute under 28 U.S.C. § 2255(f)(1).  (*Id.* at 7.)  Respondent contends Petitioner's motion was filed "more than one year past the judgment date, and therefore outside the generic limitations period specified by § 2255."  (*Id.*)  Third, Respondent contends supervised release was an appropriate method of deterrence given Petitioner's "serious (and violent) criminal history[.]"  (*Id.* at 7-8.)

**A.   Waiver of Appeal and Collateral Attack**

"'Plea agreements are contractual in nature and are measured by contract law standards.'" *United States v. Keller*, 902 F.2d 1391, 1393 (9th Cir. 1990) (citing *United States v. Reed*, 778 F.2d 1437, 1441 (9th Cir. 1985)).  "A defendant's waiver of his appellate rights is enforceable if the language of the waiver encompasses his right to appeal on the grounds raised, and if the waiver was knowingly and voluntarily made."

*United States v. Joyce*, 357 F.3d 921, 922 (9th Cir. 2004). The court "looks to the circumstances surrounding the signing and entry of the plea agreement to determine whether the defendant agreed to its terms knowingly and voluntarily." *United States v. Baramdyka*, 95 F.3d 840, 843 (9th Cir. 1996). The court "must also focus [sic] upon the language of the waiver to determine its scope." *Id.* "[W]hether the district court informed the defendant of [his] appellate rights and verified [his] intent to forfeit them" is also relevant. *United States v. Anglin*, 215 F.3d 1064, 1066 (9th Cir. 2000). An appeal waiver is unenforceable "if: 1) a defendant's guilty plea failed to comply with Fed. R. Crim. P. 11; 2) the sentencing judge informs a defendant that [he] retains the right to appeal; 3) the sentence does not comport with the terms of the plea agreement; or 4) the sentence violates the law." *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007) (citations omitted).

Here, Petitioner entered into a plea agreement with Respondent. (Dkt. No. 12.) Petitioner's initials appear at the bottom right-hand corner of each page of the agreement. (*Id.* at 1-13.) Petitioner's signature and the signature of his attorney appear on the last page of the agreement. (*Id.* at 13.) Section XV of the agreement states that by signing the agreement, Petitioner "certifies that [he] has read [the agreement] (or that it has been read to [him] in [his] native language)" and that he "fully understands its meaning and effect." (*Id.* at 12.) Section XI of the agreement, entitled "Defendant Waives Appeal and Collateral Attack[,]" states:

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence . . . unless the Court imposes a custodial sentence above the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing. If the custodial sentence is greater than the high end of that range, defendant may appeal, but the Government will be free to support on appeal the sentence actually imposed. If defendant believes the Government's recommendation is not in accord with this plea agreement, defendant will object at the time of sentencing, otherwise the objection will be deemed waived.

(*Id.* at 10-11.)

Additionally, section VI of the agreement, entitled "Defendant's Representation

that Guilty Plea is Knowing and Voluntary[,]" states that Petitioner "had a full opportunity to discuss all the facts and circumstances of th[e] case with defense counsel, and ha[d] a clear understanding of the charges and the consequences of th[e] plea." (*Id.* at 5.) It stated that no promises were made and no rewards were offered in exchange for Petitioner's guilty plea, aside from those contained in the agreement itself. (*Id.*) The agreement also states Petitioner was not threatened and that he was pleading guilty "because in truth and in fact [he] is guilty and for no other reason." (*Id.*)

Petitioner entered his guilty plea in open court on April 16, 2013 before the Honorable Mitchell D. Dembin. (Dkt. No. 30.) Judge Dembin informed Petitioner that he had "the right to appeal any sentence imposed by the court, unless you have given up [that] right as part of your plea agreement with the government." (*Id.* at 8.) Judge Dembin confirmed Petitioner understood he would be "waiving appeal and collateral attack" if he was sentenced in accordance with the terms of the plea agreement. (*Id.*) Judge Dembin asked Petitioner if he signed "the last page of the plea agreement and initial[ed] each proceeding page" to which Petitioner responded "[y]es, sir." (*Id.*) Petitioner confirmed he reviewed the plea agreement "in it's entirety" with his attorney. (*Id.*) Petitioner further stated he had no questions regarding the agreement. (*Id.* at 9.) At the conclusion of the hearing, Judge Dembin determined "that the [Petitioner's] guilty plea [was] made knowingly and voluntarily, with a full understanding of the nature of the charge, the [Petitioner's] rights and the consequences of the plea." (*Id.* at 12.)

In his findings and recommendation, Judge Dembin explicitly found "that [Petitioner's] plea of guilty [was] made knowingly and voluntarily" and recommended the "District Judge accept the [Petitioner's] plea of guilty." (Dkt. No. 13 at 3.) Petitioner did not object and this Court adopted Judge Dembin's findings and accepted Petitioner's guilty plea. (Dkt. No. 15.) At the sentencing hearing, this Court stated that it reviewed the plea agreement and Petitioner made no challenge to its validity. (Dkt.

No. 28 at 2-3.) This Court sentenced Petitioner at the low end of the Guidelines range and granted a four-level departure for Fast Track. (*Id.* at 9-10.)

Petitioner's plea agreement is enforceable, because the circumstances surrounding it indicate it was knowingly and voluntarily made. The plea agreement contained separate sections specifically addressing the knowing and voluntary nature of Petitioner's guilty plea and his waiver of appeal and collateral attack. Petitioner stated he reviewed the plea agreement with his attorney and understood he was waiving his right to appeal and collateral attack. Petitioner signed the agreement and initialed each page and then confirmed this fact at his plea hearing before Judge Dembin. Petitioner filed no objection to Judge Dembin's findings which indicates he agreed with the determination. Furthermore, at no point during the sentencing hearing did either Petitioner or Petitioner's counsel object to or question the validity of the plea agreement. Additionally, Petitioner was sentenced in accordance with the terms of the plea agreement. In sum, there is no indication, and Petitioner does not contend, that he did not knowingly and voluntarily enter the plea agreement and understand its effect.

Thus, this Court finds Petitioner is bound by the terms of the plea agreement and waived his right to appeal or collaterally attack the sentence imposed by this Court.

**B.     Statute of Limitations**

Furthermore, "[a] 1-year period of limitation shall apply to a motion under [section 2255]." 28 U.S.C. § 2255(f). The 1 year "limitation[s] period shall run from the . . . (1) the date on which the judgment of conviction becomes final[.]" *Id*. In the Ninth Circuit, the judgment of conviction becomes final and the 1 year limitations period begins "to run upon the expiration of the time during which . . . review by direct appeal" could have been sought. *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001) (citation omitted). Pursuant to Rule 4, subsection (b)(1) of the Federal Rules of Appellate Procedure, a defendant has 14 days from "the entry of either the judgment or the order being appealed" to file a notice of appeal. Fed. R. App. P. 4(b)(1).

1  Equitable tolling of the 1 year limitations period applies when "'extraordinary
2  circumstances beyond a prisoner's control make it impossible to file a petition on time'
3  and 'the extraordinary circumstances were the cause of [the] untimeliness.'" *Laws v.*
4  *Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) (citation omitted); *see United States v.*
5  *Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004) (declaring "the statute of limitations
6  contained in § 2255 is subject to equitable tolling.").

7  The judgment in this case was entered on August 2, 2013. (Dkt. No. 23.) Thus,
8  presuming Petitioner could appeal, he would have had until August 16, 2013 to file his
9  notice of appeal. Petitioner did not file a direct appeal. Therefore, the judgment
10 became final and the 1 year limitations period of § 2255 began to run on August 16,
11 2013, and expired on August 16, 2014. Petitioner did not file the instant motion until
12 December 10, 2014. (Dkt. No. 25.) Thus, Petitioner's motion was not timely filed and
13 is barred by the statute of limitations. Moreover, Petitioner has failed to argue and
14 demonstrate that equitable tolling is warranted in this case. The Court finds
15 Petitioner's Motion barred by the statutory 1 year limitations period pursuant to §
16 2255(f)(1).

**C.     Appropriateness of Supervised Release**

Presuming the Court could reach the merits of Petitioner's motion, the Court acknowledges it "ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." U.S. Sentencing Guidelines § 5D1.1(c). However, the Court should nonetheless "consider imposing a term of supervised release on such a defendant if the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case." *Id.* § 5D1.1 cmt. n.5.

Petitioner relies on *United States v. Canas*, 540 F. App'x 789 (9th Cir. 2013) as support for his contention that supervised release "serves no real purpose if the person is deported, because it[] addresses a former prisoner's rehabilitative needs." (Dkt. No.

25 at 2.) In *Canas*, a prisoner challenged the district court's imposition of supervised release by arguing the court "procedurally erred by failing to consider and explain why a term of supervised release was warranted in light of U.S.S.G. § 5D1.1(c)[.]" *Id.* at 789. The court noted that the "record reflect[ed] that the district court considered the probation officer's recommendation in favor of . . . supervised release and determined that a supervised release term was warranted." *Id.* (citing *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (*en banc*) ("[A]dequate explanation in some cases may . . . be inferred from the PSR or the record as a whole.")). Thus, the court found "no error" in the district court's imposition of supervised release. *Id.*

Here, Petitioner has five adult criminal convictions (excluding the present conviction) which include domestic violence offenses, kidnaping and possession of methamphetamine. (Dkt. No. 16 at 6-8.) During one instance of domestic violence, Petitioner's children reportedly witnessed Petitioner threaten his wife's life. (*Id.* at 8.) Petitioner also has four other arrests for trespassing, domestic violence and possession of a controlled substance. (*Id.* at 9.) In 2009, Petitioner was reportedly associated with the "Sur Loc" street gang under the name "Sadboy" or "El Triste." (*Id.* at 11.) During the sentencing hearing, this Court specifically addressed its added concerns regarding Petitioner's lengthy criminal history before announcing Petitioner's sentence. (Dkt. No. 28 at 7-9.)

Given Petitioner's criminal history, this Court did not error by imposing a term of supervised release. Petitioner's history of domestic violence and drug possession reflects a violent and criminal nature. An additional measure to deter and protect was therefore required to ensure Petitioner would not re-offend. This measure was of particular importance given Petitioner's violent nature towards his wife. Furthermore, Petitioner's reliance on *Canas* is misplaced because it does not support his position. Similar to *Canas*, this Court considered the probation officer's recommendation of supervised release, as well as all other sentence related documents, before determining supervised release was warranted.

Thus, the Court finds no procedural error or defect in its imposition of supervised release. *See Timmreck*, 441 U.S. at 783.

### VII. CONCLUSION AND ORDER

For the foregoing reasons, the Court **DENIES** Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255.

**IT IS SO ORDERED.**

DATED: March 24, 2015

HON. GONZALO P. CURIEL
United States District Judge